```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


KIMBERLY S. ZAWACKI,              )
individually and on behalf of     )
others similarly situated,        )
                                  )
          Plaintiff,              )    No. 06 C 6167
                                  )
     v.                           )
                                  )
GOAL FINANCIAL, LLC,              )
                                  )
          Defendant.              )
                                  )
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kimberly S. Zawacki filed a class action complaint ("the complaint") alleging that defendant Goal Financial, LLC ("Goal Financial") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.A. § 1681 *et seq.* (2005). Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion is granted.

I.

The complaint alleges plaintiff's credit was prescreened without her permission by Goal Financial, in connection with Goal Financial's mailer ("the mailer") regarding an offer to consolidate Zawacki's existing student loans. Plaintiff claims the mailer "does not contain a 'firm offer of credit' within the meaning of the FCRA . . . [because] the offer is vague and devoid of any discussion of terms, including the amount, duration and interest rate of the loan." (Compl. at ¶ 17.)

The mailer is attached to the complaint as Exhibit A. In relevant part, the mailer states

> PENDING REDUCTION OF LOAN PAYMENTS
> Under terms of the Higher Education Act as currently authorized by Congress, you may be entitled to a reduction of up to 51% of your Federal student loan payments. According to our records, you meet our minimum balance requirement of $15,000 and have been pre-selected for a Federal consolidation loan.
> EXAMPLE OF REDUCTION FOR BORROWERS WITH A SIMILAR PROFILE
> [The mailer contains a single example of a reduced monthly payment for a current combined loan in the amount of $45,000, and explains that "[c]urrent monthly payment is based on a Stafford loan in its Grace Period (6.54%) with a 10-year Standard Repayment Plan" and that the "[n]ew monthly payment is based on consolidating a Stafford loan during its Grace Period(6.54%) over the first 1/3 of a Graduated Repayment Plan of 25 years."]
> EXEMPTION FROM FUTURE RATE INCREASES
> In addition to a possible reduction of your monthly payment, you can also avoid all future rate increases resulting from Federal Government rate changes.
> ADDITIONAL RIGHTS AND PRIVILEGES
> There is no cost to you. In addition, you may qualify for money-saving borrower benefits* and a portion of your loan interest may be deductible on your federal income tax return.
> RECOMMENDED ACTION
> These benefits are available to most borrowers but are not automatic. For more information or to initiate proceeding call. . . .
> * Full terms and conditions available at www.goalfinancial.net.

On the reverse side, the mailer states

> PRESCREEN & OPT-OUT NOTICE: You were selected for this opportunity to reduce your monthly Student Loan payments because your consumer report met initial criteria. As long as you are in your loan grace period or have entered repayment on each loan chosen for consolidation, you are not currently in default on a Federal student loan, and you are consolidating eligible Federal education loans totaling at least $15,000 you will meet eligibility requirements. If at the time of the offer you no longer meet the initial criteria, this offer may be revoked. . . .

II.

In assessing defendant's 12(b)(6) motion to dismiss, I must accept all well-pleaded facts in the complaint as true. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). Documents attached to the complaint are considered part of the complaint. *Id.* (citing Fed. R. Civ. P. 10(c)). I must view the allegations in the light most favorable to plaintiff. *Id.* Dismissal under Rule 12(b)(6) is proper if plaintiffs can prove no set of facts to support their claims. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002).

Defendant moves to dismiss on the ground that the mailer contains a "firm offer of credit," and therefore is in compliance with the FCRA. The FCRA was enacted to protect consumer privacy in the information maintained by consumer reporting agencies. 15 U.S.C. § 1681(a)(4). Under the statute, a party may obtain a consumer's credit report only with the written consent of the consumer or for certain "permissible purposes." *Cole v. U.S. Capital Inc.*, 389 F.3d 719, 725 (7th Cir. 2004) (citing 15 U.S.C. § 1681b(a)). One of these "permissible purposes" is a "firm offer of credit" made to the consumer. *Id.*; *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 955 (7th Cir. 2006). The FCRA defines "firm offer of credit" as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on information in a report on the consumer, to meet the specific

3

criteria used to select the consumer for the offer." 15 U.S.C. §1681a(1). "The statutory scheme of the FCRA makes clear that a 'firm offer' must have sufficient value for the consumer to justify the absence of the statutory protection of his privacy." *Cole*, 389 F.3d at 726.

The Seventh Circuit has identified three factors to consider in determining whether an offer has sufficient value to the consumer: (1) whether it appears likely that the offer would be honored; (2) whether the material terms of the offer are adequately disclosed; (3) whether the amount of credit being offered is minimal or subject to so many limitations that it is of little value. *See id.* at 727-28; *Perry v. First Nat'l Bank*, 459 F.3d 816, 824-25 (7th Cir. 2006). These must be considered together; no single factor is determinative. *Id*.

In this case, the first factor weighs in favor of defendant. The mailer does state that the offer would be honored. Specifically, the text on the reverse side of the mailer states that as long as the recipient is "in [the] loan grace period or [] entered repayment on each loan chosen for consolidation, . . . not currently in default on a Federal student loan, and . . . consolidating eligible Federal education loans totaling at least $15,000, [the recipient] will meet eligibility requirements." In this sense, this mailer is distinguishable from the one in *Cole*, where "the language of the flyer itself creates a question whether the offer of credit will be honored." 389 F.3d at 728 (flyer at

4

issue stated "[g]uaranteed approval is neither express nor implied"). Furthermore, the complaint does not allege defendant failed to honor the mailer.

Things get a little more complicated with respect to the second and third factors. Plaintiff argues that the material terms of the offer are not adequately disclosed, which in turn makes it impossible to determine whether the offer is subject to any limitations that would render it of little value. According to the complaint, the missing terms include "the amount, duration and interest rate of the loan." (Compl. at ¶ 17.) Defendant argues that the mailer specifically offers a minimum of $15,000 in credit to consolidate plaintiff's existing student loans. Therefore, although plaintiff may ultimately obtain a greater loan, based on the amount of the qualifying existing student loans she chooses to consolidate, the minimum amount of the loan is disclosed. Defendant correctly points out, with respect to the third factor, that a $15,000 loan is not "minimal." This amount far exceeds the specific dollar amount approved in *Perry*. 459 F.3d at 824-25 (solicitation offered credit card with $250 limit).

Defendant contends the remaining material terms of the offer derive from two different sources. First, defendant points to the "example of reduction for borrowers with a similar profile" in the mailer itself, which it argues affords sufficient information about the terms of the offer. In support, defendant cites *Murray v. HSBC Auto Fin., Inc.*, No. 05 C 4040, 2006 WL 2861954, at *4 (N.D. Ill.

Sept. 27, 2006) (Andersen, J.), which found a mailer contained a "firm offer of credit" when it included "an average rate reduction and . . . hypothetical loan reduction." *Id*. I disagree with defendant and do not find the "example of reduction for borrowers with a similar profile" supplies the material terms of the offer to all recipients. The mailer at issue here contains a single example of a reduced monthly payment for a current combined loan in the amount of $45,000, and explains that "[c]urrent monthly payment is based on a Stafford loan in its Grace Period (6.54%) with a 10-year Standard Repayment Plan" and that the "[n]ew monthly payment is based on consolidating a Stafford loan during its Grace Period (6.54%) over the first 1/3 of a Graduated Repayment Plan of 25 years." The only interest rate identified is the one applicable during the loan's grace period, which is a 6 month period after graduation or withdrawal from school. *See* 20 U.S.C. § 1078(b)(7)(A). Accordingly, the mailer does set forth the material terms of the offer to recipients in the loan grace period. This does not end this inquiry, however. The legislative history of the FCRA makes clear that a firm offer of credit must be extended "to all consumers on the list [obtained from the credit reporting agency based on pre-selection criteria]." S. Rep. No. 103-209, 9-10, 14 (1993) *cited in Cole*, 389 F.3d at 725. The mailer here, in effect, neglects to provide any terms to any recipient outside of the loan grace period. Specifically, the mailer does not identify the interest rate or range of interest rates available to anybody

6

outside the grace period, the method of computing interest, or the repayment periods available. These were critical considerations in *Cole*. 389 F.3d at 728. Furthermore, unlike *HSBC Auto. Fin.*, this example does not contain the "average" reduction; therefore it is ambiguous whether the example given is some kind of anomaly. The mailer itself also states that a reduction in monthly payments is "possible," but not guaranteed. As a result of these deficiencies in the mailer, a recipient outside the loan grace period lacks the material terms necessary to assess the value of the offer. Plaintiff, however, does not allege that she is outside the loan grace period.

Second, defendant submits that regardless of whether I find the mailer itself sufficient, I am not restricted to the face of the mailer when determining whether the material terms of the offer were adequately disclosed, and that the mailer should be interpreted in the context of the Higher Education Act ("HEA"), 20 U.S.C. § 1078 *et seq.*, which regulates the terms a loan consolidator can offer to a borrower. Therefore, defendant argues, all the material terms of the offer are supplied by statute and cannot be subject to significant limitations, which means the offer has to have value to the recipient. Plaintiff argues that it is the terms of the mailer itself which control this inquiry, therefore the reference to the HEA does not satisfy the FCRA. In this case, the text of the mailer states "[u]nder the terms of the [HEA] as currently authorized by Congress, you may be entitled to

7

a reduction of up to 51% of you Federal student loan payments."

I agree with plaintiff that the terms of the mailer should control this inquiry. "To decide whether [a defendant] has adhered to the statute, a court need only determine whether the four corners of the offer satisfy the statutory definition (as elaborated in *Cole*)." *GMAC Mortgage*, 434 F.3d at 956. In *Cole*, the Seventh Circuit looked only to the terms of the flyer sent with the initial solicitation to determine whether a firm offer of credit had been extended. 389 F.3d at 726-28; *see also Simpson v. Juniper Bank*, No. 06 C 665, 2007 WL 489131, at *8 (N.D. Ill. Feb. 8, 2007) (Pallmeyer, J.); *Murray v. Indymac Bank, F.S.B.*, 461 F. Supp. 2d 645, 650 (N.D. Ill. 2006) (Der-Yeghiayan, J.). However, the mailer itself does reference the HEA. The HEA sets specific requirements for consolidation of student loans including the minium amount the loan, the interest rate, and repayment periods. *See* 20 U.S.C. § 1078 *et seq*. Accordingly, this offer is of value to the consumer, as set forth by the HEA. *See, e.g., Schwartz v. Goal Fin. LLC,* No. 06-CV-1478 (DLI) (CLP), 2007 WL 805770, at *6-7 (E.D.N.Y. Mar. 15, 2007); *McDonald v. Nelnet*, -- F. Supp. 2d. --, 2007 WL 646133, at *4 (E.D. Mo. Feb. 23, 2007). This distinguishes *Cole*, where the missing material terms "render[ed] it impossible for the court to determine from the pleadings whether the offer ha[d] value." *Cole*, 389 F.3d at 728; *see also GMAC Mortgage*, 434 F.3d at 955-56 ("*Cole's* objective was to separate *bona fide* offers

of credit from advertisements for products and services, determining . . . whether it was a guise for solicitation rather than a legitimate credit product.") (internal quotations omitted).

III.

For the foregoing reasons, defendant's motion to dismiss is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 10, 2007